# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DISTRIBUTED MEDIA SOLUTIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>DEEZER, S.A.<br><br>Defendant. | CIVIL ACTION NO. 2:22-cv-254-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT DEEZER S.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Deezer S.A. ("Defendant" or "Deezer S.A."), by and through its undersigned counsel, hereby submits its Answer to the Complaint of Plaintiff Distributed Media Solutions, LLC ("Plaintiff" or "DMS") and asserts Deezer S.A.'s Affirmative Defenses, as follows.

Deezer S.A. responds below to the allegations contained in the numbered paragraphs of Plaintiff's Complaint. Deezer S.A. denies all allegations in the Complaint unless expressly admitted in the following paragraphs. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts. Deezer S.A. repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer, but Deezer S.A. makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a heading can be interpreted to be an allegation, Deezer S.A. specifically denies all such allegations.

## NATURE OF THE ACTION

1. Deezer S.A. admits that the Complaint purports to set forth a civil action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*. Deezer S.A. denies the merits of all such allegations and specifically denies that it has committed any acts of patent infringement.

2. Deezer S.A. is without knowledge sufficient to form a belief as to whether DMS is the owner of all right, title, and interest in U.S. Patent Nos. RE 47,053 and 8,122,004, and on that basis, denies all such allegations. Deezer S.A. admits that Exhibits A and B to the Complaint purport to be copies of the '053 and '004 Patents.

3. Deezer S.A. denies the allegations in Paragraph 3 of the Complaint in their entirety.

## THE PARTIES

4. Deezer S.A. lacks knowledge sufficient to form a belief regarding the allegations in Paragraph 4 of the Complaint and on that basis, denies all such allegations.

5. Deezer S.A. admits that it is a company organized under the laws of France, with its principal place of business at 24 rue de Calais 75009 Paris, France. Deezer S.A. denies that it offers to customers or potential customers located in Texas any products or services that infringe U.S. Patent Nos. RE 47,053 or 8,122,004. The Deezer music streaming service is accessible by customers in the United States. Deezer admits that in 2019, it provided sponsorship for Latin band CNCO to perform a live event for Texas high school students. Deezer S.A. denies the remaining allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Deezer S.A. admits that DMS has alleged infringement of patents, but denies that Deezer S.A. has committed or is committing acts of infringement and denies that DMS is entitled to any relief.

7. Deezer S.A. denies that this Court has personal jurisdiction over Deezer S.A. because Deezer S.A. has not committed any acts in the United States giving rise to DMS's claim for patent infringement. Deezer S.A. admits that there are customers located in Texas of the Deezer music streaming service operated in France. For the purposes of this action only, Deezer S.A. does not contest personal jurisdiction.

8. Deezer S.A. denies that it has committed or is committing acts of infringement within the State of Texas or in this District. Deezer S.A. denies the remaining allegations of Paragraph 8 of the Complaint.

9. Deezer S.A. denies that this venue is a convenient one for this action.

### U.S. PATENT NO. RE47,053

10. Deezer S.A. denies that the United States Patent and Trademark Office duly and legally issued the '053 Patent, entitled "Method and System for Subscriber-Based Audio Service Over a Communication Network" after a full and fair examination.

11. Deezer S.A. admits that Exhibit A to the Complaint purports to be a copy of the '053 Patent.

12. Denied.

13. Deezer S.A. lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint and on that basis, denies all such allegations.

14. Deezer S.A. lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint and on that basis, denies all such allegations.

### U.S. PATENT NO. 8,122,004

15. Deezer S.A. denies that the United States Patent and Trademark Office duly and legally issued the '004 Patent, entitled "Generating and Providing Rich Media Presentations Optimized for a Device Over a Network" after a full and fair examination.

16. Deezer S.A. admits that Exhibit B to the Complaint purports to be a copy of the '004 Patent.

17. Denied.

18. Deezer S.A. lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint and on that basis, denies all such allegations.

19. Deezer S.A. lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint and on that basis, denies all such allegations.

## THE ASSERTED PATENTS

20. Denied.

21. Denied.

22. Deezer S.A. disputes DMS's characterizations of the '053 Patent and Deezer S.A. denies that the patent explains an improved method, a solution to a problem that had not been solved previously, or an invention. DMS purports to quote from passages in the '053 patent. To the extent that there are further allegations in Paragraph 22 of the Complaint, Deezer S.A. denies all such allegations.

23. Deezer S.A. disputes DMS's characterizations of the '004 Patent and Deezer S.A. denies that the patent identifies a solution to a problem that had not been solved previously. To the extent that there are further allegations in Paragraph 23 of the Complaint, Deezer S.A. denies all such allegations.

## DEEZER'S [ALLEGEDLY] INFRINGING PRODUCTS AND ACTIVITIES

24. Deezer S.A. admits that it operates a music streaming service in France that is accessible by customers in the United States. Deezer S.A. admits that Paragraph 24 appears to include an image from www.deezer.com. Deezer S.A. denies that it provides in the United States an audio streaming platform that determines royalties for content creators and providers. To the

extent that there are further allegations in Paragraph 24 of the Complaint, Deezer S.A. denies all such allegations.

25.     Deezer S.A. admits that the website www.deezer.com can be accessed by customers in the United States and offers a web player.  Deezer S.A. admits that Paragraph 25 appears to include an image from www.deezer.com.  To the extent that there are further allegations in Paragraph 25 of the Complaint, Deezer S.A. denies all such allegations.

26.     Deezer S.A. admits that it operates a music streaming service in France that is accessible by customers in the United States.  The characterizations in Paragraph 26 of the Complaint are vague and its allegations are denied at least on that basis.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. RE47,053

27.     Deezer S.A. incorporates its responses to Paragraphs 1–26 by reference as if fully set forth herein.

28.     Denied.

29.     Denied.

30.     Paragraph 30 of the Complaint purports to include images from https://support.deezer.com "last visited on June 7, 2022."  Deezer S.A. denies that these citations or images correspond to claim 22 of the '053 patent.  Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 30, and denies any remaining allegations in Paragraph 30.

31.     Paragraph 31 of the Complaint purports to include an image from https://support.deezer.com "last visited on June 7, 2022."  Deezer S.A. denies that the citation or image corresponds to claim 22 of the '053 patent.  Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 31, and denies any remaining allegations in Paragraph 31.

32. Paragraph 32 of the Complaint purports to include an image from https://support.deezer.com "last visited on June 7, 2022." Deezer S.A. denies that this citation or image corresponds to claim 22 of the '053 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 32, and denies any remaining allegations in Paragraph 32.

33. Paragraph 33 of the Complaint purports to include an image from https://support.deezer.com "last visited on June 7, 2022." Deezer S.A. denies that this citation or image corresponds to claim 22 of the '053 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 33, and denies any remaining allegations in Paragraph 33.

34. Paragraph 34 of the Complaint purports to include images from https://.deezer.com and https://routenote.com "last visited on June 7, 2022." Deezer S.A. denies that these citations or images correspond to claim 22 of the '053 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 34, and denies any remaining allegations in Paragraph 34.

35. Paragraph 35 of the Complaint purports to include images from https://.deezer.com and https://routenote.com "last visited on June 7, 2022." Deezer S.A. denies that these citations or images correspond to claim 22 of the '053 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 35, and denies any remaining allegations in Paragraph 35.

36. Denied.

37. Denied.

38. Deezer S.A. admits that it became aware of the '053 patent as of the service of the Complaint.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Paragraph 43 contains a reservation of rights to which no response is required. Deezer S.A. otherwise denies the allegations in Paragraph 43 of the Complaint.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,122,004**

44. Deezer S.A. incorporates its responses to Paragraphs 1–43 by reference as if fully set forth herein.

45. Denied.

46. Denied.

47. Paragraph 47 of the Complaint purports to include an image from https://www.deezer.com "last visited on June 7, 2022." Deezer S.A. denies that this citation or image corresponds to claim 1 of the '004 patent. Deezer S.A. denies that an "Accused Product provides a content delivery system" in the United States, and denies any remaining allegations in Paragraph 47.

48. Paragraph 48 of the Complaint purports to include an image from https://www.deezer.com "last visited on June 7, 2022." Deezer S.A. denies that this citation or image corresponds to claim 1 of the '004 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 48, and denies any remaining allegations in Paragraph 48.

49. Paragraph 49 of the Complaint purports to include images from https://www.support.deezer.com and from https://developers.deezer.com "last visited on June 7, 2022." Deezer S.A. denies that these citations or images correspond to claim 1 of the '004 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 49, and denies any remaining allegations in Paragraph 49.

50. Paragraph 50 of the Complaint purports to include an image from https://www.deezer.com "last visited on June 7, 2022." Deezer S.A. denies that this citation or image corresponds to claim 1 of the '004 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 50, and denies any remaining allegations in Paragraph 50.

51. Paragraph 51 of the Complaint purports to include images from https://www.support.deezer.com and from https://developers.deezer.com "last visited on June 7, 2022." Deezer S.A. denies that these citations or images correspond to claim 1 of the '004 patent. Deezer S.A. denies that an "Accused Product" performs in the United States the actions alleged in Paragraph 51, and denies any remaining allegations in Paragraph 51.

52. Denied.

53. Denied.

54. Deezer S.A. admits that it became aware of the '004 patent as of the service of the Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Paragraph 59 contains a reservation of rights to which no response is required. Deezer S.A. otherwise denies the allegations in Paragraph 59 of the Complaint.

### [DMS'S] DEMAND FOR JURY TRIAL

60. DMS's jury demand does not require a response.

### [DMS'S] PRAYER FOR RELIEF

Deezer S.A. is not required to respond to the section of the Complaint titled "Prayer for Relief." Nonetheless Deezer S.A. denies that DMS is entitled to be awarded any of the relief sought in DMS's prayer for relief against Deezer S.A., or any other relief in law or equity, and requests that the Court deny all such relief to DMS with prejudice.

### AFFIRMATIVE DEFENSES

Deezer S.A. alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. Deezer S.A.'s investigation of its defenses is continuing, and it reserves the right to allege and assert additional defenses that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Deezer S.A. has not infringed, and does not infringe, any valid, enforceable claim of U.S. Patent Nos. RE47,053 (the "'053 Patent") and 8,122,004 (the "'004 Patent") (collectively, "the Asserted Patents"), literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. The Asserted Patents are invalid because they claim patent-ineligible subject matter. Also, the claims of the Asserted Patents are anticipated

and/or rendered obvious by one or more prior art references and are thus invalid under 35 U.S.C. §§ 102 and/or 103. Additionally, one or more of the claims of the Asserted Patents are invalid because of failure of written description, lack of enablement, and claim indefiniteness.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from construing any valid claim of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, any Deezer S.A. product or service because of admissions and/or statements made to the United States Patent and Trademark Office in the specification of, and during prosecution of, the application leading to the issuance of the Asserted Patents. Plaintiff's claims are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants during prosecution.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. § 252, Deezer S.A. is entitled to absolute and equitable intervening rights with respect to the '053 Patent.

### FIFTH AFFIRMATIVE DEFENSE

The reissued '053 Patent is invalid for failure to comply with 35 U.S.C. § 251 because, for example, the scope of the claims of the reissued patent are impermissibly broader than the scope of the claims of the original patent, Plaintiff used the reissue process to change its original invention from a method to a method, a computer system, and a non-transitory computer-readable medium, and Plaintiff did not specify an error properly correctable by reissue during the reissue proceeding.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by one or more equitable doctrines, such as acquiescence and waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.  Any claim for damages by Plaintiff is limited to only those damages occurring after proper and sufficient notice of infringement of the Asserted Patents to Deezer S.A.  On information and belief, any claim for pre-lawsuit damages is barred, in whole or in part, for failure to comply with the patent marking and notice requirements.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering attorneys' fees under 35 U.S.C. 285 because the case is not exceptional.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to enhanced or increased damages for willful infringement because Deezer S.A. has not engaged in any conduct that would constitute willfulness.  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### DEEZER S.A.'S PRAYER FOR RELIEF

WHEREFORE, Deezer S.A. respectfully requests that the Court enter judgment in its favor and grant the following relief:

a. Dismiss DMS's Complaint against Deezer S.A. in its entirety, with prejudice;

  b.  Find that this case is an exceptional case against DMS under 35 U.S.C. § 285 and award Deezer S.A. its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285 or any other applicable statutes and rules in common law that would be appropriate; and

  c.  Grant Deezer S.A. such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Date: December 1, 2022 | Respectfully submitted, |
| | */s/ Keith B. Davis*<br>Michael A. Oblon<br>Lead Attorney<br>Pro hac vice to be submitted<br>Email: moblon@jonesday.com<br>**JONES DAY**<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001<br>Telephone: (202) 879-3939<br>Facsimile: (216) 579-0212<br><br>Keith B. Davis<br>Texas State Bar No. 24037895<br>Email: kbdavis@jonesday.com<br>**JONES DAY**<br>2727 North Harwood Street<br>Dallas, TX 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 959-5100<br><br>**ATTORNEYS FOR DEFENDANT DEEZER, S.A.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via CM/ECF on December 1, 2022, and was served upon all counsel of record who have appeared in the case via CM/ECF.

*/s/ Keith B. Davis*
